GUO ZHANG HUANG, Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES, Respondent.

No. 03–4263.

United States Court of Appeals, Second Circuit.

June 14, 2005.

Thomas V. Massucci, New York, NY, for Petitioner.

Francis L. Zebot, Assistant United States Attorney, Eastern District of Michigan, Detroit, MI (Craig S. Morford, United States Attorney, Eastern District of Michigan, on the brief), for Respondent.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Guo Zhang Huang petitions for review of a January 15, 2003 order of the BIA summarily affirming the November 2, 2000 opinion of the IJ denying Huang's application for asylum, withholding of removal, and CAT relief on the grounds that Huang did not meet his burden of establishing that he had been subject to persecution or that he possessed a well-founded fear of future persecution. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

As to asylum, Huang bears the burden of demonstrating that he was subject to past persecution or has a well founded fear of future persecution on the basis of his membership in a particular group, or political opinion. IIRIRA § 601(a)(1), 8 U.S.C. § 1101(a)(42). *Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 70 (2d Cir.2004). By statute, "a person . . . who has been persecuted . . . for other resistance to a coercive population control program[ ] shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42). There is a question also whether the statute applies to Huang, who alleges that he was mistreated due to his *parents'* resistance to China's forcible sterilization policies (not his own). In any event, the mistreatment of which he complains does not rise to the level of persecution. Crediting all of Huang's testimony, he suffered a deprivation of certain furniture and of electric and water services for an undisclosed period of time, and was denied an education beyond junior high school. Huang's parents were fined and had to go into hiding, which affected Huang indirectly. Huang did not suffer physical violence, *see Tian–Yong Chen v. U.S. I.N.S.*, 359 F.3d 121, 128 (2d Cir. 2004), or extreme economic punishment,

*see Fatin v. INS*, 12 F.3d 1233, 1240 & n. 10 (3d Cir.1993).

Huang thus fails to establish past persecution, and therefore does not enjoy a presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). Yet, Huang argues no other basis for an inference of likely future persecution. Any argument that he would likely be tortured should he return home is both waived and unexhausted. 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004). The BIA, thus, did not err in affirming the IJ's decision that Huang had not established a well founded fear of future persecution.

As Huang's asylum claim fails, so must his withholding of removal claim. *See Zhou Yun Zhang*, 386 F.3d at 71 ("Because the two forms of relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."); *Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003). Huang does not press his CAT claim on appeal.

We have considered all of Huang's claims and find them to be without merit. For the reasons set forth above, Huang's petition for review is hereby **DENIED**.